FILED IN CHAMBERS
U.S.D.C. Rome
FEB 07 2007
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TIFFANY HAMRICK AND
CHRISTOPHER R. DAVENPORT,

       Plaintiffs,

v.

AMERICAN CASUALTY COMPANY OF
READING, PA,

       Defendant.

CIVIL ACTION

NO. 4:06-CV-032-RLV

O R D E R

This is an insurance policy action arising out of a vehicle accident. On April 4, 2004, the plaintiffs were injured when their vehicle collided with a truck driven by Brandon Hays and insured by the defendant, American Casualty. Pending before the court is the defendant's Motion for Summary Judgment [Doc. No. 23] and the plaintiffs' Motion for Oral Argument and in the Alternative for Leave to File a Response to Defendant's Reply Brief [Doc. No. 44]. For the foregoing reasons, the defendant's motion is GRANTED and the plaintiffs' motion is DENIED.[1]

---

[1] With respect to the plaintiffs' motion, this court has not considered the particular issues addressed by that pleading and, therefore, does not need to grant permission to consider supplemental arguments in that regard. The plaintiffs seek oral argument or permission to file a supplemental response for two reasons: (1) the defendant's reply brief raises, for the first time, a distinction between express and implied permission, and (2) the defendant's reply asserts a stronger position because it is purportedly based on direct evidence instead of circumstantial evidence.
    Even if the defendant's brief raised or assumed a distinction between express and implied permission, that argument was not considered by the court. Consequently, the plaintiffs need not respond to that argument. Also, it is unnecessary to the type of evidence relied on by both parties because a court may not consider the weight or credibility of evidence in a motion for summary judgment. See Lane v. Celotex Corp., 782 F.2d 1526, 1530 (11th

When the accident occurred, Hays had been driving a pick-up truck owned by Georgia Piping and Fire Protection ("Georgia Piping"), which employed Hays' step-father, Steve Massingill, as a crew foreman and allowed him to operate the company truck for work-related purposes as well as driving between work and home. American Casualty insured Georgia Piping's truck. Apparently, while Massingill and his wife were doing yard work at their home, Massingill asked Hays to take a bag of concrete and fill a pothole at the end of their street. In order to comply with his step-father's request, Hays put the concrete in the back of Massingill's work truck and then drove it to the end of the public road where the pothole was located. While in the Georgia Piping truck, Hays went beyond just driving to the pothole location and also drove down a nearby road where he saw a schoolmate, Ashley Jones, washing her vehicle in her front yard. As he passed by, Hays honked the horn and waved, but in so doing Hays crossed the centerline of the road and collided with the plaintiffs' vehicle.

Subsequently, Georgia Piping filed a criminal complaint against Hays for theft by taking. Hays pled guilty to that charge in Juvenile Court and agreed to pay restitution to Georgia Piping for damage to its work truck.

---

Cir. 1986). This court has not considered the weight or credibility of the evidence in this case and, therefore, it is unnecessary for either party to further address the differences between the direct and circumstantial evidence presented. Accordingly, the plaintiffs' motion is denied.

The plaintiffs sued Hays for personal injury claims resulting from the accident. After obtaining judgments against Hays in state court, the plaintiffs sought payment from American Casualty. However, American Casualty refused to satisfy the judgments on the ground that Hays was a non-permissive user of the vehicle and, therefore, no coverage existed under the insurance policy. Thereafter, Hays assigned his rights against American Casualty to the plaintiffs, who then filed the instant action alleging a breach of the insurance policy covering Hays. The defendants have moved this court for summary judgment.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his or her claim on which he or she bears the ultimate burden of proof. Id. at 322-23. In order to determine whether a factual issue exists, a court must view the evidence in the light most favorable to the non-moving party. Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the

3

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

Since this is a diversity action, this court must apply the substantive state law of Georgia in evaluating the insurance policy issued by American Casualty. Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 819-20 (11th Cir. 1985). When viewed in a light most favorable to the non-moving party, the facts in this case clearly show that Georgia Piping, the insured, gave permission to drive its pick-up truck to its employee, Massingill, who then allegedly gave permission to his step-son, Hays, to drive Georgia Piping's truck. Given these facts, this court must apply Georgia's "Second Permittee Doctrine" in order to determine whether American Casualty has a duty to pay for Hays' liability under its policy with Georgia Piping. "The second permittee doctrine provides that when a third person uses a car via another person who did have permission to use the car, this is a permissive use under the insurance policy as long as the use falls within the scope of the permission." Prudential Prop. and Cas. Ins. Co. v. Walker, 219 Ga. App. 84, 85 (1995)(internal quotations omitted).

Thus, the issue before the court is whether there is a material fact at issue with respect to the scope of permission

given by Georgia Piping to Massingill. If Hays' use was within the scope of permission given by Georgia Piping, then he is covered under the policy regardless of whether he had permission from Massingill, the first permittee. The test for determining whether a third party's use falls within the scope of permission is "(1) whether the owner's permission to the first permittee included the use to which the third person put the car, and (2) whether the scope of the permission the third person received from the first permittee exceeded the scope of permission given the first permittee by the owner." Prudential Prop. and Cas. Ins. Co., 219 Ga. App. at 85.

The defendant has presented evidence that shows Georgia Piping gave permission to its employee, Massingill, to drive its truck on company business as well as to and from home. In fact, the defendant states that Georgia Piping conducted regular meetings, attended by Massingill, in which it disseminated guidance specifically restricting use of company vehicles to work business and travel between work and home. Also, Georgia Piping has Massingill's signature on a policy document outlining a foreman's responsibility to limit use of company vehicles only to authorized personnel.

The plaintiffs on the other hand, have presented evidence that shows numerous times in which Massingill allegedly permitted his step-son, Hays, to drive his work truck. The plaintiffs attempt to stretch this evidence into supporting their position that the scope of permission granted to Massingill by Georgia Piping was actually

for personal use as well. For example, to support the assertion that Georgia Piping's scope of permission included use of its truck for personal errands, the plaintiffs cite to Massingill's wife's affidavit in which she states that she saw Massingill and other Georgia Piping employees use Georgia Piping work trucks for personal errands. However, this shows only how Massingill actually used his work truck, not the scope of permission given to him by Georgia Piping. His wife's affidavit does not assert any personal knowledge of the scope of permission given to Massingill.

Also, the plaintiffs cite to Hays' second affidavit and numerous schoolmates' affidavits in which they collectively state that Hays drove Massingill's work truck on numerous occasions. However, regardless of whether Hays drove the truck with or without Massingill's permission, the fact that Hays had previously driven the truck does not show the scope of permission given to Massingill by Georgia Piping. Consequently, this evidence fails to address the fundamental issue in this case: whether Hays' use was within the scope of permission given by Georgia Piping.

Although there is a dispute about whether Massingill gave Hays permission to use his work truck, such dispute is irrelevant. Hartford Ins. Co. v. Nationwide Mut. Ins. Co., 240 Ga. App. 228, 229 (1999)("So, where a third person uses a vehicle with the consent of another person who has permission from the owner, the fact that the third person did not have express or implied permission from the owner is irrelevant.") The only relevant inquiry under the second permittee doctrine is whether the use of

the vehicle by the second permittee is within the scope of permission given by the owner. Therefore, the only real issue before the court is the scope of Georgia Piping's permission given to Massingill. See Id.

The plaintiffs do not dispute the scope of permission given by Georgia Piping. Rather, the focus of their opposition to the defendant's motion is on Hays' permission from Massingill. The plaintiffs assert that the conflicting evidence in this case requires a denial of the summary judgment motion, citing Hartford v. Nationwide. In Hartford, a homeowner employed a person to clean her home and allowed that employee to use one of the household vehicles that was insured by Nationwide. The employee then loaned that vehicle to a third party who was involved in an accident. Nationwide refused to cover the damages on the grounds that the third party was not a permissive user. The trial court granted summary judgment in favor of Nationwide, but the Georgia Court of Appeals reversed.

However, the Hartford court held that summary judgment was not proper because the owner vacillated in her testimony as to the scope of permission given by her and that such testimony was, therefore, inconclusive. Hartford, 240 Ga. App. at 229. Such is not the case here. In this instance, the only thing that is not clear from the facts is whether Hays received permission from Massingill. The scope of permission given by the owner, Georgia Piping, is not disputed.

7

This court concludes that the plaintiffs have failed to show the existence of any fact tending to prove that the scope of Georgia Piping's permission extended to personal use. Since Hays used Georgia Piping's truck to run a personal errand, which was not within the scope of permission given by Georgia Piping, there is no coverage under the insurance policy.

CONCLUSION

For the foregoing reasons, the defendant's Motion for Summary Judgment [Doc. No. 23] is GRANTED, and the plaintiffs' Motion for Oral Argument and in the Alternative for Leave to File a Response to Defendant's Reply Brief [Doc. No. 44] is DENIED.

SO ORDERED, this 7th day of February, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR
Senior United States District Judge